# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT GRIJALVA,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 17-06679-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On September 11, 2017, Gilbert Grijalva ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on December 26, 2017. On March 30, 2018, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case

remanded for further proceedings in accordance with this Memorandum Opinion and Order and law.

## BACKGROUND

Plaintiff is a 49 year-old male who applied for Social Security Disability Insurance benefits on July 3, 2013, and Supplemental Security Income benefits on June 28, 2013, alleging disability beginning March 2, 2012. (AR 29.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 2, 2012, the alleged onset date. (AR 31.)

Plaintiff's claims were denied initially on October 3, 2013, and on reconsideration on January 31, 2014. (AR 29.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") James P. Nguyen on October 19, 2015, in Norwalk, California. (AR 29.) Plaintiff appeared and testified at the hearing and was represented by a non-attorney representative. (AR 29.) Vocational expert ("VE") Aida Y. Worthington also appeared and testified at the hearing. (AR 29.)

The ALJ issued an unfavorable decision on May 6, 2016. (AR 29-38.) The Appeals Council denied review on July 13, 2017. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered the treating physician's opinion.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since March 2, 2012, the alleged onset date. (AR 31.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: diabetes mellitus with neuropathy; left carpal tunnel syndrome; disc protrusion with central canal narrowing and scoliotic curvature of the lumbar spine with radiculopathy; scoliosis of the thoracic spine; left elbow/forearm contusion and strain and lateral epicondylitis; left middle finger flexor tenosynovitis and trigger finger; bilateral knee sprain and

4

patellofemoral arthralgia with right medial plica; nephrotic syndrome; history of renal insufficiency; and liver abscess with ascites secondary to streptococcus. (AR 31-32.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 32-33.)

The ALJ then found that Plaintiff had the RFC to perform medium work as defined in 20 CFR §§ 404.1567(c) and 416.967(c) with the following limitations:

> Claimant can frequently climb ramps and stairs, ladders, ropes, and scaffolds; he can frequently balance, stoop, kneel, crouch, and crawl; he can use the left upper extremity for frequent handling and fingering, but only for occasional forceful gripping, grasping, squeezing, pinching, holding, or activities (i.e., manual screwdrivers, or similar movements to opening jars); he is unable to run or jump; he can use the bilateral upper extremities for frequent overheard reaching; and he is unable to work on uneven surfaces.

(AR 33-36.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 34.)

At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a security guard. (AR 36-37.) The ALJ, however, also found that, considering Claimant's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of linen room attendant and marker. (AR 37-38.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 38.)

**DISCUSSION**

The ALJ decision must be reversed. The Commissioner concedes that the ALJ erred in not properly considering the opinion of workers' compensation treating physician, Dr. Philip Sobol. The Court concludes that the error was not harmless. Accordingly, this case must be reversed and remanded for further proceedings.

5

## A. Background

Plaintiff suffered three workplace injuries when, in performing his job as a security guard, he was struck in the arm by a truck on November 1, 2011, struck by a vehicle in the back of his knees on December 23, 2011, and hit in his back and knees from behind by a forklift on January 1, 2012. (AR 34, 1940, 1991.) Plaintiff claims he is in pain all day and has limited ability to stand, sit, and walk. (AR 33.) Plaintiff has a variety of musculoskeletal and other impairments: diabetes mellitus with neuropathy; left carpal tunnel syndrome; disc protrusion with central canal narrowing and scoliotic curvature of the lumbar spine with radiculopathy; scoliosis of the thoracic spine; left elbow/forearm contusion and strain and lateral epicondylitis; left middle finger flexor tenosynovitis and trigger finger; bilateral knees sprain and patellofemoral arthralgia with right medial plica; nephrotic syndrome; history of renal insufficiency; and liver abscess with ascites secondary to streptococcus. (AR 31.)

Notwithstanding these impairments, the ALJ assessed Plaintiff with a medium work RFC (AR 33), which entails lifting/carrying 50 pounds occasionally and 25 pounds frequently. (AR 481.) The ALJ found Plaintiff can frequently climb ramps and stairs, ladders, ropes and scaffolds; he can frequently balance, stoop, kneel, crouch, and crawl; he can use the left upper extremity for frequent handling and fingering but only for occasional forceful gripping, grasping, squeezing, pinching, holding, or torqueing activities. (AR 33.) The ALJ also found that he can use his bilateral upper extremities for frequent overhead reaching. (AR 33.) The ALJ based his RFC on the findings of a consulting internist (AR 34, 477-482) and two State agency reviewers who did not examine Plaintiff. (AR 35, 88-89, 107-08.)

## B. Workers' Compensation Physician Evidence

Dr, Philip Sobol, an orthopedic surgeon, treated Plaintiff from December 15, 2014, through April 2015. (AR 1940-1989.) He conducted a physical examination, which revealed a decrease in the lumbar lordotic curvature, decreased lumbar range of motion, low back pain radiating into the lower extremities, diminished range of motion of the knees, and a guarded gait. (AR 35, 1978-1980.) He also ordered a neurological examination and an MRI. In March 2015, an EMG/NCS neurological test indicated evidence of moderate to severe diabetic

peripheral neuropathy affecting the upper and lower extremities, and of carpal tunnel syndrome superimposed on the diabetic peripheral neuropathy. (AR 35, 1967, 1977.) An MRI of the lumbar spine in March 2015 showed scoliotic curvature and a disc protrusion resulting in abutment of nerve roots. (AR 35, 1973, 1977.) Plaintiff has been provided with physical therapy, chiropractic treatment, and acupuncture treatment. (AR 1986.) Dr. Sobol also discussed lumbar steroid injections but this treatment option was declined because of Plaintiff's diabetes and liver issues. (AR 1977.)

Dr. Sobol prepared a thorough permanent and stationary report in April 2015 that contradicts the ALJ's RFC in several significant respects. (AR 1974-1989.) For the lumbar spine, Dr. Sobol precluded Plaintiff from heavy lifting,[1] repetitive bending, and stooping. (AR 36, 1987.) For the bilateral knees, Dr. Sobol precluded Plaintiff from repetitive squatting, stooping, kneeling, and from prolonged weight-bearing (which would preclude six hours of standing). (AR 36, 1987.) For the left wrist and hand, Plaintiff is precluded from repetitive, forceful gripping, grasping and squeezing, pinching, holding, and torqueing activities. Possible future medical treatment would include injections (if possible) and surgery. (AR 1986-1987.)

The ALJ accorded "some weight" to Dr. Sobol's report because it "appears largely consistent with the objective evidence as a whole." (AR 36.) The ALJ, however, did not give great weight to Dr. Sobol's opinion because it was "rendered in the workers' compensation context . . . and the terms he used in describing the Claimant's work restrictions may not

---

[1] Plaintiff explained that in workers' compensation proceedings a preclusion of "heaving lifting" means loss of half of pre-injury capacity of lifting. See Table II, "Guideline for Work Capacity in the Schedule for Rating Permanent Disabilities," Workers' Compensation Laws of California; Glass v. Workers' Compensation Appeals board, 105 Cal. App. 3d 297, 302 n.1 (1980). Plaintiff's past work required lifting of 5 to 15 pounds. (AR 1987.) Properly translated, Plaintiff is limited to seven and a half pounds, far less than the 50 pounds for medium work. Plaintiff also explained that Dr. Sobol's preclusion of prolonged weight-bearing would limit him to standing and walking four hours instead of six required of a medium work RFC. (JS 11.) Further, the ALJ's RFC required Plaintiff to stoop and kneel more than Dr. Sobol's preclusion of repetitive squatting, stooping and kneeling. (JS 10.) The Commissioner did not disagree with or discuss Plaintiff's "translations."

necessarily be compatible with Social Security's defined terms for disability determinations." (AR 36.)

The ALJ's treatment of Dr. Sobol's opinion plainly is contrary to law, as the Commissioner concedes. Workers' compensation disability ratings are not controlling in disability cases decided under the Social Security Act and the terms of art used in California workers' compensation are not equivalent to Social Security disability terminology. Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576 (9th Cir. 1988); Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996); Booth v. Barnhart, 181 F. Supp. 2d 1099, 1104 (C.D. Cal. 2002); see also 20 C.F.R. § 404.1504. An ALJ, however, may not ignore a physician's medical opinion from a workers' compensation proceeding. Booth, 181 F. Supp. 2d at 1105. The ALJ must "translate" terms of art contained in workers' compensation medical reports and opinions into corresponding Social Security terminology in order to assess that evidence for Social Security disability determinations. Id. at 1106.

The Commissioner concedes that Dr. Sobol's opinion that Plaintiff was precluded from heavy lifting and was thus unable to do his work as a security guard, which required lifting of items weighing between 5 to 15 pounds, was incompatible with the ALJ's medium work RFC. (JS 13.) The Commissioner states that, to the extent the ALJ gave "some weight" to Dr. Sobol's opinion, the ALJ should have explained this discrepancy between Dr. Sobol's opinion and the ALJ's RFC. (JS 13.)

Plaintiff is correct that the ALJ erred in his consideration of Dr. Sobol's workers' compensation findings and opinions.

**C.    Harmless Error**

The Commissioner contends that the ALJ's error in failing to explain the weight given to Dr. Sobol's testimony is harmless error. The Court disagrees.

An error is harmless when it is "inconsequential to the ultimate nondisability determination." Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006). A reviewing court cannot consider an error harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Id.

at 1056.  The burden of showing that an error is harmful normally falls on the party attacking the agency's determination.  Shinseki v. Sanders, 556 U.S. 396, 409-10 (2009), discussed at length in Molina v. Astrue, 674 F.3d 1104, 1111, 1117-22 (9th Cir. 2012).  A claimant must show a "substantial likelihood of prejudice."  Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012).

The Commissioner argues that the ALJ's error is harmless because the ALJ rejected a similar opinion by another workers' compensation orthopedic surgeon, Dr. Sam Bakshian.  (AR 36, 1990-1997).  See Kelly v. Colvin, 669 F. App'x 401, 401-02 (9th Cir. 2016) (failure to discuss medical opinion harmless where ALJ discounted other medical opinions that claimant had more limitations than reflected in RFC finding).  On October 22, 2014, Plaintiff underwent a treating orthopedic examination with Dr. Bakshian.  (AR 1991.)  Dr. Bakshian stated his opinion that Plaintiff "may return back to work with modified light work duties of no repeated bending, stooping, prolonged sitting, standing or lifting greater than 10 pounds with regard to his left upper extremities."  (AR 36, 1996.)  He also indicated Plaintiff should avoid "repeated gripping, grasping, vibrating and torquing as well for his lower extremities he should avoid kneeling, squatting, stooping and walking on uneven surfaces."  (AR 36, 1996.)

The ALJ gave Dr. Bakshian's opinion little weight because "the work restrictions appear overly restrictive in light of the evidence as a whole."  (AR 36.)  The ALJ particularly noted that "he does not find any support for a lifting restriction of 10 pounds."  (AR 36.)  The ALJ maintained that the objective evidence is more consistent with the lifting and carrying capacity defined in medium work, i.e., 50 pounds occasionally and 25 pounds frequently.  (AR 36.)

The ALJ's rejection of Dr. Bakshian's opinion founders for several reasons.  The assertion that there is no support for a lifting restriction of 10 pounds is plainly inaccurate.  Dr. Sobol precluded Plaintiff from heavy lifting, including 5 to 15 pounds in his work as a security guard.  (AR 36, JS 13.)  These two treating physician opinions are consistent with and reinforce each other, are close in time (October 22, 2014 and April 2015), and later in time than other medical opinions relied on by the ALJ.  Both physicians are orthopedic surgeons, the relevant specialty.  See Molina, 674 F.3d at 1112 (opinion of a doctor who specialized in the

relevant field is entitled to greater weight).  The ALJ, moreover, opined that Dr. Sobol's functional assessment is "largely consistent with the objective evidence as a whole."  (AR 36.) The objective evidence cited in the ALJ decision includes Dr. Sobol's and Dr. Bakshian's findings.  (AR 35, 36.)

The ALJ's assertion that Dr. Bakshian's work restrictions are "overly restrictive in light of the evidence as a whole" (AR 36) is similarly inaccurate.  Both Dr. Bakshian and Dr. Sobol precluded repeated bending, stooping, kneeling, prolonged sitting, and standing.  (AR 36, 1986-1987, 1996.)  Both Dr. Bakshian and Dr. Sobol precluded repeated gripping, grasping, and torqueing.  (Id.)  The ALJ's RFC does not include these restrictions.

The ALJ's reliance on other evidence to reject the opinions of Dr. Sobol and Dr. Bakshian is misplaced.  The ALJ's medium work RFC and other restrictions are based primarily on the September 16, 2013 opinion of the consulting Board eligible internist, Dr. Rocely Ella-Tamayo.  (AR 34, 477-82.)  On examination, Dr. Tamayo found Plaintiff in no acute distress, gait slow but normal, and range of motion within normal limits.  (AR 480.)  She opined that Plaintiff could pick up 50 pounds occasionally and 25 pounds frequently, stand and walk six hours in an 8 hour workday, and kneel and squat and sit without restriction.  (AR 481.)

There are several problems with the ALJ's reliance on Dr. Tamayo's report.  First, the report is well before the opinions of Dr. Bakshian in 2014 and Dr. Sobol in 2015, which she obviously did not review.  Second, she is an internist, not an orthopedic surgeon like Dr. Bakshian and Dr. Sobol.  The relevant specialty here is orthopedics.  The opinions of the orthopedic surgeons are entitled to greater weight than non-orthopedists.  Molina, 674 F.3d at 1112.  Third, Dr. Tamayo stated in her report that "there are no medical records available for review."  (AR 477.)  The Ninth Circuit gives limited weight to an opinion based on a one-time examination without review of medical records.  Reddick v. Chater, 157 F.3d 715, 727 (9th Cir. 1998).  Fourth, Dr. Tamayo acknowledged Plaintiff's insulin-dependent diabetes mellitus but did not mention or test for possible diabetic neuropathy.  A March 2015 EMG/NCS test ordered by Dr. Sobol, however, indicated moderate to severe diabetic neuropathy affecting the upper and lower extremities.  (AR 1967, 1983.)  Dr. Tamayo obviously was unaware of this finding, which

the ALJ credited as a severe impairment. (AR 31.) This finding also was cited as part of the objective evidence. (AR 35.)

The ALJ also relied on the October 2, 2013 medium work RFC of State agency reviewing physician Dr. V. Phillips. (AR 86-90.) This report, however, is based on Dr. Tamayo's report and was issued well before the opinions of Dr. Bakshian and Dr. Sobol. Similarly, State agency reviewing physician Dr. Jacinto De Borja's January 30, 2014 report gave great weight to the earlier consulting examination, noting that Plaintiff's normal gait and normal motor strength were not consistent with heavy lifting limitations. (AR 108-109.) Neither of these physicians examined or treated Plaintiff. Their evaluations precede the EMG/NCS and MRI tests and the opinions of Dr. Bakshian and Dr. Sobol. There is no indication the State agency reviewers are orthopedists.

This Court cannot confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination. Stout, 454 F.3d at 1056. The ALJ did not provide specific, legitimate reasons for rejecting the opinions of Dr. Sobol and Dr. Bakshian. Crediting those opinions would require rejection of the ALJ's medium work RFC and preclude the ability to perform medium work occupations and even the light work security guard as generally performed in the national economy. (AR 37.) The alternative occupations of linen room attendant and marker also are medium work occupations precluded by the restrictions imposed by Dr. Sobol and Dr. Bakshian. (AR 38.) The Court finds the ALJ's error regarding Dr. Sobol creates a "substantial likelihood of prejudice." Ludwig, 681 F.3d at 1054. The ALJ's error is not inconsequential to the ALJ's nondisability determination. The case must be reversed and remanded for further proceedings.

*///*
*///*
*///*
*///*
*///*

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: August 31, 2018      */s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE